Rob Bonta
Attorney General of California
Darrell W. Spence (SBN 248011)
Supervising Deputy Attorney General
Jonathan Benner (SBN 318956)
Stacey Leask (SBN 233281)
Anthony Pinggera (SBN 320206)
Edward Nugent (SBN 330479)
Deputy Attorneys General
 455 Golden Gate Avenue, Suite 11000
 San Francisco, CA  94102-7004
 Telephone:  (415) 229-0113
 Fax:  (415) 703-5843
 E-mail:  Edward.Nugent@doj.ca.gov
*Attorneys for Defendant California Department of Education*

J. Scott Donald (SBN 158338)
SPINELLI, DONALD & NOTT
 300 University Avenue, Suite 100
 Sacramento, CA  95825
 Telephone:  (916) 448-7888
 Fax:  (916) 448-6888
 E-mail:  ScottD@SDNLaw.com
*Attorney for Defendant California Interscholastic Federation*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>Plaintiff,<br><br>v.<br><br>**CALIFORNIA INTERSCHOLASTIC FEDERATION and CALIFORNIA DEPARTMENT OF EDUCATION,**<br><br>Defendants. | Case No. 8:25-cv-01485-CV-JDE<br><br>**DEFENDANTS' NOTICE OF JOINT MOTION TO DISMISS AND JOINT MOTION TO DISMISS PLAINTIFF'S COMPLAINT**<br><br>[Fed. R. Civ. P. 12(b)(6)]<br><br>Date:           Friday, October 24, 2025<br>Time:          1:30 p.m.<br>Courtroom: 10B<br>Judge:         Hon. Cynthia Valenzuela<br>Trial Date:   Not Set<br>Action Filed: July 9, 2025 |

1

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on Friday, October 24, 2025, at 1:30 p.m., or as soon thereafter as the matter may be heard, before the Honorable Cynthia Valenzuela in Courtroom 10B of the United States District Court for the Central District of California, Western Division, located at 350 W. 1st Street, 10th Floor, Los Angeles, CA 90012, Defendants California Interscholastic Federation (CIF) and California Department of Education (CDE) (collectively, Defendants) will and do hereby jointly move this Court for an order to dismiss Defendants from this action and all claims asserted against them under Federal Rule of Civil Procedure 12(b)(6) on the following grounds:

As to both Counts I and II, Plaintiff fails to state cognizable claims against Defendants under Title IX of the Education Amendments of 1972, 20 U.S.C. §§ 1681-1688 ("Title IX"). The text of Title IX and its implementing regulations do not require the exclusion of transgender girls from girls' sports and facilities, and prevailing law in the Ninth Circuit forecloses such an interpretation. Plaintiff also cannot properly rely on the executive orders cited in the complaint as a basis for Title IX enforcement, as the executive orders cannot themselves amend Title IX, and the U.S. Department of Education has not adhered to the requirements of the Administrative Procedure Act to incorporate the executive orders into Title IX's regulations as a basis for enforcement.

In addition, Plaintiff fails to plausibly allege facts sufficient to plead a violation of effective accommodation or equal treatment under the applicable legal standards, nor has Plaintiff alleged facts sufficient to plead a violation of overall Title IX compliance. Plaintiff's retaliation claim fails because Plaintiff has not alleged that Defendants took any retaliatory action, nor pleaded facts to support a valid Title IX retaliation claim against Defendants.

Lastly, Plaintiff's claims are also barred by the Spending Clause of the U.S. Constitution, as there was no clear notice that Title IX unambiguously requires, as a

2

Defs.' Notice of Joint Mot. to Dismiss & Joint Mot. to Dismiss (Case No. 8:25-cv-01485-CV-JDE)

condition of federal funding, the categorical exclusion of transgender girls from girls' interscholastic sports and facilities.

As to Count II (alleged against CDE only), because Plaintiff's underlying Title IX claim fails, because CDE did not have the constitutionally required clear notice under the Spending Clause, and because Plaintiff pleads no other facts to establish any material breach of contractual assurances by Defendants, Plaintiff's Count II fails to state a cognizable claim for relief.

Accordingly, both Count I and Count II are subject to dismissal. Because no amendment can cure the deficiencies of Plaintiff's legal theories or retroactively establish clear notice for purposes of the Spending Clause, leave to amend would be futile and the action should be dismissed with prejudice.

The motion is based upon this Notice, the accompanying Memorandum of Points and Authorities in support, the papers and pleadings on file in this action, and such matters as may be presented to the Court at the time of the hearing.

This motion is made following the conference of counsel pursuant to Local Rule 7-3, which took place on August 28, 2025.

3

Defs.' Notice of Joint Mot. to Dismiss & Joint Mot. to Dismiss (Case No. 8:25-cv-01485-CV-JDE)

| | | |
|---|---|---|
| 1 | Dated: September 5, 2025 | Respectfully submitted, |
| 2 | | ROB BONTA |
| | | Attorney General of California |
| 3 | | DARRELL W. SPENCE |
| 4 | | Supervising Deputy Attorney General |

/s/ Edward Nugent
EDWARD NUGENT (SBN 330479)
Deputy Attorney General
*Attorneys for Defendant California Department of Education*

Dated: September 5, 2025                SPINELLI, DONALD & NOTT

/s/ J. Scott Donald
J. SCOTT DONALD (SBN 158338)
*Attorney for Defendant California Interscholastic Federation*

**FILER'S ATTESTATION**

Pursuant to Local Rule 5-4.3.4(2), the filer attests that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized this filing.

Dated: September 5, 2025                /s/ Edward Nugent
EDWARD NUGENT
Deputy Attorney General
*Attorney for Defendant California Department of Education*

4

Defs.' Notice of Joint Mot. to Dismiss & Joint Mot. to Dismiss (Case No. 8:25-cv-01485-CV-JDE)