# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | Case No. 8:25-cv-01485-CV-JDE |
| Plaintiff, | **[PROPOSED] ORDER GRANTING DEFENDANTS' JOINT MOTION TO DISMISS PLAINTIFF'S COMPLAINT [DOC. # 25]** |
| v. | |
| **CALIFORNIA INTERSCHOLASTIC FEDERATION and CALIFORNIA DEPARTMENT OF EDUCATION,** | |
| Defendants. | |

On September 5, 2025, Defendants California Interscholastic Federation and California Department of Education (collectively, Defendants) filed a Joint Motion to Dismiss the Complaint of Plaintiff United States of America. The Joint Motion to Dismiss is filed under Rule 12(b)(6) of the Federal Rules of Civil Procedure on the basis that the Complaint fails to state any cognizable claim for relief against Defendants. Defendants' Joint Motion to Dismiss was heard on October 24, 2025, at 1:30 p.m., pursuant to order of the Court (DOC. # 18).

1  The Court, having considered Defendants' Joint Motion to Dismiss, and good cause having been found, hereby GRANTS the motion in its entirety.

First, Plaintiff's complaint does not allege a violation of Title IX of the Education Amendments of 1972, 20 U.S.C. §§ 1681-1688 ("Title IX"), because nothing in the text of the statute or its implementing regulations prohibits transgender students from accessing the athletic teams and facilities that best match their gender identity. *See generally* 20 U.S.C. §§ 1681-1688; 34 C.F.R. pt. 106. To the contrary, under prevailing Ninth Circuit precedent, the categorical exclusion of transgender girls from girls' interscholastic athletics—which Plaintiff seeks in its Complaint—would constitute prohibited sex discrimination. *See, e.g.*, *Bostock v. Clayton County*, 590 U.S. 644, 655, 659-60 (2020) (holding that discrimination on the basis of gender identity is a form of sex discrimination under Title VII); *Doe v. Snyder*, 28 F.4th 103, 113-14 (9th Cir. 2022) (applying *Bostock* to Title IX context); *cf. Doe v. Horne*, 115 F.4th 1083, 1107 (9th Cir. 2024) (observing that prohibiting only transgender girls from participating in school sports consistent with their gender identity, while all other students may do so, is "the essence of [sex] discrimination"), *petition for cert. filed*, No. 24-449. Likewise, the Ninth Circuit has held that it is *not* a violation of Title IX for transgender students to access the facilities that best match their gender identity. *Parents for Priv. v. Barr*, 949 F.3d 1210, 1227-29 (9th Cir. 2020), *cert. denied*, 141 S. Ct. 894 (2020).

Second, Plaintiff cannot rely on Executive Order No. 14168 or Executive Order No. 14201 (cited in Plaintiff's Complaint) to change the meaning of Title IX or its regulations. Executive orders cannot amend statutes, *see, e.g.*, *City and County of San Francisco v. Trump*, 897 F.3d 1225, 1232 (9th Cir. 2018), and adoption of the executive orders as a basis for Title IX enforcement would not comport with the requirements of the Administrative Procedure Act, *see* 5 U.S.C. §§ 553(b), 706(2)(A), (D); *see also, e.g.*, *Wilson v. Lynch*, 835 F.3d 1083, 1099 (9th Cir. 2016) (explaining notice-and-comment requirement for rules with force and

effect of law); *Motor Vehicle Mfrs. Ass'n of the U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983) (detailing requirements of reasoned explanation for agency action).

Third, Plaintiff has not alleged facts sufficient to support a claim that Defendants have violated the requirements of effective accommodation or equal treatment under 34 C.F.R. § 106.41(c). Plaintiff's Complaint does not engage with the applicable legal standards for these claims. *See, e.g.*, *Ollier v. Sweetwater Union High Sch. Dist.*, 768 F.3d 843, 854-57 (9th Cir. 2014); *Mansourian v. Regents of the Univ. of Cal.*, 602 F.3d 957, 964-65 (9th Cir. 2010). Nor could the facts pleaded in the Complaint plausibly allege a violation under the applicable standards.

Fourth, Plaintiff has not alleged facts to suggest that Defendants engaged in "retaliatory" conduct under Title IX. The Complaint does not allege that Defendants had any knowledge of protected conduct, or that Defendants took any adverse action in response to such conduct. Compl. ¶ 97. Thus, Plaintiff has not even pleaded a "*prima facie* case of retaliation." *See Ollier*, 768 F.3d at 867 (requiring showing of "causal link" between "protected activity" and "adverse action"). Nothing in the Complaint suggests that either the California Interscholastic Federation or the California Department of Education is a proper defendant for this claim.

Fifth, the entirety of Plaintiff's Complaint is barred by the Spending Clause of the U.S. Constitution. *See Roe v. Critchfield*, 137 F.4th 912, 930 & n.12 (9th Cir. 2025) (holding that clear-notice rule under Spending Clause limits availability of both monetary and injunctive relief). While the Spending Clause allows Congress and agencies to set conditions on the receipt of federal funding, such conditions must be "unambiguous," and funding recipients must have "clear notice" of the conditions before accepting federal funds. *Arlington Cent. Sch. Dist. Bd. of Educ. v. Murphy*, 548 U.S. 291, 296 (2006); *City of Los Angeles v. Barr*, 929 F.3d 1163, 1174 (9th Cir. 2019). Funding conditions may not be imposed retroactively. *Los*

3

*Angeles*, 929 F.3d at 1174-75. Given the lack of clear notice in the statute and regulations; the regulations in effect at the time Defendant California Department of Education submitted the relevant assurances to accept federal funding; binding Ninth Circuit case law holding that Title IX prohibits discrimination on the basis of gender identity, and does not require the exclusion of transgender students from the facilities matching their gender identity; and the lack of any prior Title IX enforcement for more than a decade in which California has allowed transgender students to access school athletics and facilities consistent with their gender identity; it simply cannot be said that Defendants had clear notice that Title IX *unambiguously* requires, as a condition of federal funding, the exclusion of transgender girls from girls' interscholastic sports and facilities.

While the Federal Rules of Civil Procedure and the Ninth Circuit typically favor leave to amend, leave to amend is properly denied "if amendment would be futile." *See Carrico v. City and County of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011). Leave to amend is "futile" when "no amendment would allow the complaint to withstand dismissal as a matter of law." *Kroessler v. CVS Health Corp.*, 977 F.3d 803, 814-15 (9th Cir. 2020); *see also Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986) (noting leave to amend properly denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency"). Here, leave to amend would be futile because no factual allegations can change the fact that, under Ninth Circuit precedent, Title IX and its regulations do not require the exclusion of transgender girls from girls' interscholastic sports and facilities. Similarly, no amendment can reach back in time to create clear notice under the Spending Clause. The Court will therefore deny leave to amend.

1  The Court hereby ORDERS as follows:

2  1. Counts I and II of the Complaint are dismissed with prejudice under
3  Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a
4  cognizable claim for relief; and
5  2. Defendants California Interscholastic Federation and California
6  Department of Education are hereby dismissed from the action.
7  **IT IS SO ORDERED.**

10 Dated: _____
                                    HON. CYNTHIA VALENZUELA
11                                  UNITED STATES DISTRICT JUDGE