HARMEET K. DHILLON
Assistant Attorney General
JESUS A. OSETE
Principal Deputy Assistant Attorney General
ROBERT J. KEENAN (CA No. 151094)
Acting Deputy Assistant Attorney General
MATTHEW J. DONNELLY
GRETA GIESEKE
Attorneys
Civil Rights Division
    United States Department of Justice
    950 Pennsylvania Avenue, NW
    Washington, D.C. 20530
    Telephone: (202) 679-4564
    E-Mail: greta.gieseke@usdoj.gov

TODD BLANCHE
Deputy Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
JULIE A. HAMILL (CA No. 272742)
Assistant United States Attorney
    United States Attorney's Office
    300 North Los Angeles Street, Suite 7516
    Los Angeles, California 90012
    Telephone: (213) 894-2464
    E-Mail: julie.hamill@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>CALIFORNIA INTERSCHOLASTIC FEDERATION; and CALIFORNIA DEPARTMENT OF EDUCATION,<br><br>    Defendants. | Case No.  8:25-cv-01485-CV-JDE<br><br>**JOINT RULE 26(f) REPORT**<br><br>Scheduling Conference Date: March 20, 2026<br>Time:    1:30 p.m.<br>Courtroom:  10B<br>Judge:    Hon. Cynthia Valenzuela<br>Trial Date:  Not Set<br>Action Filed: July 9, 2025 |

Pursuant to the Court's Order Setting Scheduling Conference, Dkt. No. 28, the United States of America (Plaintiff) submits this Joint Rule 26(f) Report with Defendant California Interscholastic Federation (CIF) and Defendant California Department of Education (CDE) (collectively, Defendants).

a.  Statement of the Case:

**United States' Position**

On July 9, 2025, the United States filed a complaint to enforce Title IX of the Education Amendments of 1972 ("Title IX"), codified at 20 U.S.C. § 1681 et seq., and the implementing regulations of the United States Department of Education, 34 C.F.R. Part 106.

Title IX was enacted to provide equal opportunities for women and girls in education programs that receive funds from the federal government. Title IX prohibits sex-based discrimination in federally funded education programs.

Defendants' laws and policies turn Title IX on its head by redefining sex to include "gender identity"— a self-selected, non-immutable characteristic that may or may not align with a person's sex. Defendants' laws and policies allow students to choose which locker room to use and which sports teams to play on based on their own self-selected gender identity, thereby allowing boys to compete in athletic contests designated for girls and use girls' intimate facilities like locker rooms.

Defendants' policies and actions harm girls by denying them the opportunity to compete in athletic competitions on a level playing field in which they have the same opportunities as boys. Defendants' policies and practices unfairly force girls to compete against boys in competitions designated for girls. These policies and actions discriminate based on sex by providing advantages to boys that identify as girls and harm female student athletes by depriving them of fair competition and equal opportunity to access opportunities for scholarships, awards, and advancement, among other things.

Defendants' policies and actions also require girls to share intimate spaces, such as locker rooms and restrooms, with boys, creating a hostile educational environment that

denies girls equal access to educational opportunities.

**Defendants' Position**

For over a decade, California has allowed all students to access school sports and facilities consistent with their gender identity. Until this action, neither ED nor any other federal agency has taken the position that California's inclusive school athletics violate Title IX.

After declaring CDE and CIF in violation of Title IX, ED transmitted to CDE and CIF a proposed resolution agreement that, among other things, would require CDE and CIF to violate binding state and federal law in California by categorically banning transgender girls from girls' sports and facilities. When CDE and CIF informed ED that they could not accept the proposed resolution, ED referred the matter to the Department of Justice for "enforcement." The resolution Plaintiff seeks misconstrues the requirements and scope of Title IX and would violate binding Ninth Circuit law.

First and foremost, neither Title IX nor its implementing regulations require California to categorically ban transgender students from participating in athletic programs that align with their gender identities. Title IX sometimes *permits* school athletics to be separated by sex identified at birth, but the law in no way *requires* such separation. And nothing in Title IX prevents school athletics from accommodating students' gender identity.[1]

Plaintiff also cannot rely on non-binding executive orders to enforce these new (and erroneous) interpretations of Title IX and establish its claims. To do so violates the Administrative Procedure Act (APA) in at least two ways: first, ED cannot adopt a new rule reinterpreting Title IX without first going through necessary notice and comment procedures; and second, ED has not provided any reasoned explanation for adopting such a rule.

---

[1] While Plaintiff's statement of the case refers to "intimate facilities like locker rooms," Plaintiff has effectively conceded that Ninth Circuit precedent forecloses its arguments about facilities. *See* Pl.'s Opp'n to Mot. to Dismiss, Dkt. No. 27, at 24 n.11.

In addition, the Spending Clause prohibits enforcement of the funding condition Plaintiff seeks to impose—a categorical ban on transgender girls in girls' sports—and the retroactive "damages" that Plaintiff seeks. Funding conditions must be imposed "unambiguously" and with "clear notice" on States. By that same token, funding conditions *cannot* be imposed retroactively. The Spending Clause thus precludes both the money damages and injunctive relief Plaintiff seeks in its complaint.

Even if Plaintiff could surpass these legal hurdles (which it cannot), Plaintiff must also demonstrate that Defendants have fallen short of the standards of effective accommodation, equal treatment, or overall compliance under Title IX. But Plaintiff cannot demonstrate the kind of system-wide discrimination required to establish a violation of Title IX under the relevant legal standards.

b. <u>Subject Matter Jurisdiction</u>:

The United States asserts that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1345, because this action arises under federal law and the United States is the Plaintiff; that the United States is authorized to initiate this action under Title IX, 20 U.S.C. § 1682; and that declaratory and injunctive relief is authorized by 28 U.S.C. §§ 2201 and 2202. Defendants do not presently dispute subject matter jurisdiction but reserve their arguments.

c. <u>Legal Issues</u>:

**United States' Position**

Defendants discriminate on the basis of sex by breaking with the biological justification for separating athletics and intimate spaces by sex, and instead allowing an exception for gender identity. Defendants' position rests on the contention that "sex," as that term is used in Title IX, includes "gender identity." This interpretation of Title IX, which allows males who self-identify as female to participate in girls' sports, directly contradicts the plain meaning of sex in Title IX, and the intent and purpose of the Title IX statute.

**Defendants' Position**

Defendants CDE and CIF jointly filed a motion to dismiss the action and all claims asserted therein, which is presently pending before the Court. *See* Dkt. Nos. 25, 27, 29, 35.

The key legal issues in the case are:

Whether Title IX prohibits gender inclusive athletic policies such as California's state law (AB 1266) or CIF's Bylaw 300.D.

Whether Plaintiff's attempt to enforce Title IX violates the APA.

Whether the Spending Clause bars Plaintiff's claims and relief sought.

Whether Plaintiff's enforcement action, and the relief sought, comport with substantive and procedural requirements of federal law, including but not limited to the provisions of 20 U.S.C. § 1682.

d. <u>Parties and Evidence</u>:

1. Parties:

Plaintiff is the United States of America. Defendants are California Interscholastic Federation and California Department of Education.

2. Percipient Witnesses:

a. *For the United States*: Title IX coordinators and leadership from school districts, including Jurupa Unified School District, Riverside School District, Claremont Unified School District, and Tahoe-Truckee Unified School District; and female students harmed by Defendants' laws and policies.

b. *For Defendants*: This case can be resolved on purely legal grounds that will not require fact discovery, whether by Defendants' Joint Motion to Dismiss (which is presently under submission before the Court) or by future motion practice. Accordingly, Defendants intend to seek a stay of discovery until resolution of the Joint Motion to Dismiss to save costs and promote judicial economy. Should the Court decline to resolve the case on purely legal grounds, Defendants identify the following:

- Bradley R. Burke, Regional Director, U.S. Department of Education, Office for Civil Rights;
- the Person Most Knowledgeable of the federal government on the following topics:
    - OCR's directed investigation initiated against CDE on or about April 4, 2025;
    - OCR's directed investigation initiated against CIF on or about February 12, 2025;
    - Executive Order 14168, issued on January 20, 2025;
    - Executive Order 14201, issued on February 5, 2025;
    - Title IX's implementing regulations, including the "Athletic Regulation," and any other regulations referred to in Plaintiff's Complaint, including but not limited to those regulations codified at 34 C.F.R. part 106;
    - Plaintiff's alleged allocation of funds to Defendants for all years claimed as damages in the Complaint, including but not limited to Plaintiff's allegations at Paragraphs 37 of the Complaint;
    - Defendants' alleged Grant Certification(s) and/or contractual assurances alleged in the Complaint, including but not limited to Plaintiff's allegations in Paragraph 38 of the Complaint;
    - OCR's Case Processing Manuals and enforcement procedures relied upon by Plaintiff;
    - the alleged harms to students as alleged by Plaintiff's Complaint; and
    - the allegations pleaded in the Complaint.

Defendants also anticipate potential percipient witnesses from school districts such as their administrators, athletic coaches and/or athletic directors, Title IX Coordinators, and any individual students allegedly harmed by Defendants or AB 1266 as alleged by the Complaint; and from CIF's Persons Most Knowledgeable regarding

athletic policies and rules and the athletic records and competition results of member-schools or students.

Defendants reserve the right to amend this list should initial disclosures or other discovery reveal potential percipient witnesses.

3. Key Documents:

a. *For the United States*: Documents from California Interscholastic Federation and California Interscholastic Federation -member schools; Documents reflecting the outcomes of girls' athletic competitions in which male athletes participated; Documents reflecting Title IX complaints made to Defendants and their member schools, any investigation of such complaints, and any action taken in response to those complaints; Documents reflecting enforcement actions taken by Defendants in connection with Education Code section 200 and 220; Documents reflecting harm expressed by female students having to compete with and share intimate spaces with males; Documents reflecting policies, guidance, and training prepared and/or used by Defendants pertaining to male participation in females' sports and use of females' facilities; Contractual assurance agreements between Defendants and federal agencies; Defendants' statements and internal communications regarding conflicts between their laws and policies and Title IX, including changing the definition of "sex" to include "gender identity"; Documents demonstrating Defendants' knowledge that Title IX protections are based on sex and not gender identity; Documents reflecting funds received by CIF; Documents reflecting the extent of CIF's control over federally funded programs and activities.

b. *For Defendants*: This case can be resolved on purely legal grounds that will not require fact discovery, whether by Defendants' Joint Motion to Dismiss (which is presently under submission before the Court) or by future motion practice. Accordingly, Defendants intend to seek a stay of discovery until resolution of the Joint Motion to Dismiss to save costs and promote judicial economy. Should the Court decline to resolve the case on purely legal grounds, Defendants identify the following:

- the complete and unredacted investigatory file of the directed investigation against CDE;
- the complete and unredacted investigatory file of the directed investigation against CIF;
- all Case Processing Manuals used and relied upon by ED/OCR;
- documents reflecting enforcement actions or investigations taken by ED/OCR with respect to athletics [scope to be determined];
- documents reflecting policies, guidance, training, and/or regulations used or relied upon by ED/OCR in evaluating Title IX claims involving athletics [scope to be determined];
- contractual assurances and/or contracts relied upon by Plaintiff as alleged by the Complaint;
- regulations and any underground regulations used or relied upon by ED/OCR in investigating and reaching its findings with respect to CDE and CIF and/or that support Plaintiff's claims;
- website materials referenced or relied upon by ED/OCR in its investigation against CDE and CIF as alleged by the Complaint;
- documents that Plaintiff believes provided notice under the Spending Clause of funding conditions allegedly violated by Defendants;
- documents reviewed and relied upon by ED/OCR in support of its position that CDE and/or CIF violate[d] Title IX and/or that AB 1266, CIF Bylaws or California policies violate Title IX;
- documents that demonstrate harm to students as alleged by the Complaint;
- documents that demonstrate or show Title IX complaints made by students, and investigation of such complaints, and any action taken in response to those complaints;
- documents reflecting enforcement actions taken by ED/OCR against California and/or California member-schools where alleged transgender students allegedly

competed or participated in athletics' programs or competitions designated as "girls'" athletic competitions or programs;

- communications regarding implementation and enforcement of Executive Orders alleged in the Complaint and any directives to ED/OCR regarding interpretations of Title IX and enforcement by ED/OCR following issuance of the executive orders alleged in the Complaint;
- documents that show federal funding received by CDE and how Plaintiff has calculated the 44.3 billion dollars.

Discovery is ongoing and not yet complete.

  e. <u>Damages</u>: At this stage the United States estimates that the realistic range of provable damages is up to approximately 44.3 billion dollars. Defendants dispute that Plaintiff is entitled to any damages. Defendants further contend that any claim for damages is precluded by the Spending Clause, and precluded or limited by Title IX itself, in the substantive and procedural restrictions the statute sets forth on agency decisions "terminating, or refusing to grant or continue" federal funding. *See* 20 U.S.C. § 1682.

  f. <u>Insurance</u>:

There is no insurance involved in this matter.

  g. <u>Motions</u>:

  At this point, Plaintiff does not intend to file any motions seeking to add other parties or claims, file amended pleadings, transfer venue, or challenge the Court's jurisdiction. Defendants do not intend to file motions seeking to add other parties or claims, file amended pleadings, transfer venue, or challenge the Court's jurisdiction at this time but reserve its rights to do so in the future should the case proceed. Defendants intend to move ex parte to seek a stay of discovery until resolution of Defendants' Joint Motion to Dismiss to reduce costs and promote judicial economy.

  h. <u>Dispositive Motions</u>:

  The United States may seek resolution of all issues in a motion for summary judgment. Defendants filed a Joint Motion to Dismiss that is presently under submission with the Court. Should the case proceed, Defendants intend to file a motion for summary judgment and/or a motion for judgment on the pleadings.

  i. <u>Manual for Complex Litigation</u>:

  The parties agree that the procedures of the Manual for Complex Litigation need not be utilized.

  j. <u>Status of Discovery</u>:

  The parties have agreed to exchange initial disclosures on March 13, 2026, as required by Federal Rules of Civil Procedure. CDE's counsel proposed that the parties jointly seek an order for a stay of discovery until resolution of Defendants' Joint Motion to Dismiss in order to minimize costs and promote judicial economy. Plaintiff's counsel declined that invitation. CDE intends to bring an ex parte motion for stay of discovery and will attempt to further meet and confer as required by the Court's Local Rules.

  k. <u>Discovery Plan</u>:

**United States' Position:**

  Discovery is anticipated on the following subjects: the events, actions, and discussions surrounding the alleged deprivation of rights under Title IX; witness observations and written records evidencing the alleged deprivation of rights under Title IX. The United States anticipates serving written discovery and taking depositions on these issues. The United States does not anticipate limiting discovery to particular issues or to conducting discovery in phases.

**Defendants' Position:**

  This case can be resolved on purely legal grounds that will not require fact discovery, whether by Defendants' Joint Motion to Dismiss (which is presently under submission before the Court) or by future motion practice. Accordingly, Defendants intend to seek a stay of discovery until resolution of the Joint Motion to Dismiss to save costs

and promote judicial economy. Should the Court decline to resolve the case on purely legal grounds, discovery is anticipated on the following subjects: the events, actions, and governmental investigation surrounding the alleged violation of Title IX and violation of contractual assurances; and witness observations and written records evidencing the same. The Parties anticipate serving written discovery and taking depositions on these issues. Defendants may seek to limit discovery to particular issues or to conduct discovery in phases.

**Joint Position:**

The Parties anticipate conducting the depositions of the persons most knowledgeable and of relevant percipient witnesses regarding the alleged violations of Title IX and alleged violation of contractual assurances. The Parties agree to work cooperatively to schedule depositions on dates and in locations convenient for all deponents and attorneys involved, to the extent practicable. The parties preliminarily agree that each side will take up to 15 non-expert depositions, and that either side may move for leave to take additional depositions should it be needed.

The Parties agree, pursuant to Fed. R. Civ. P. 5(b)(2)(E), to accept electronic service of initial and supplemental disclosures, initial and rebuttal expert disclosures, written discovery (interrogatories, requests for production of documents, requests for admission), deposition notices and any documents produced. Electronic service will be to the email address of all counsel of record for counsel to the Parties, and any document production that is too large to be served via email will be served by uploading the document production to USAfx (the Government's secure, cloud-based file-sharing platform) or as mutually agreed by the Parties.

The Parties will in good faith meet and confer to enter into a stipulation pertaining to electronically stored information ("ESI"), document retention and production, and a discovery protective order, should it be needed.

    *l.*    <u>Discovery Cut-off</u>:

Pending the Court's ruling on a motion for stay of discovery and the Joint Motion to Dismiss, discovery cut-off to be 21 weeks before the Final Pretrial Conference.

m. <u>Expert Discovery</u>:

**United States' Position:**

Expert disclosure (initial) August 21, 2026. Expert disclosure (rebuttal) October 22, 2026. Expert discovery cutoff will align with fact discovery cutoff of November 6, 2026. A rebuttal report must be limited solely to rebutting an initial report, must stay within the scope of the initial report, and may not introduce new topics or subject areas that did not appear in the initial report. At the time of disclosure of an expert report, the Party disclosing the expert report shall provide to the opposing party the Bates numbers or other relevant identifying information for all "facts or data considered by" the expert in forming their opinions.

The United States does not believe experts are required in this case.

**Defendants' Position:**

Expert disclosures to be governed by the Court's standard schedule for civil cases as set forth in the attached Schedule Worksheet.

n. <u>Settlement Conference / Alternative Dispute Resolution ("ADR")</u>:

**United States Position:**

During the meet and confer call on February 27, 2026, the United States invited the Defendants to discuss settlement.

**Defendants' Position:**

No settlement has been discussed.

**Joint Position:**

The parties will consider a settlement conference with a magistrate judge.

o. <u>Trial Estimate</u>:

**United States' Position**:

Four court days. The United States plans to call approximately six to ten witnesses.

**Defendants' position**: No trial is necessary because this case can be resolved on purely legal grounds, whether by Defendants' Joint Motion to Dismiss (which is presently under submission before the Court) or by future motion practice. Should the case proceed to trial, Defendants are unable to estimate the length of trial that will be required, as discovery is ongoing and Defendants are unable to estimate at this time the number of witnesses they will need for trial.

    p.    <u>Trial Counsel</u>:

For the United States: Robert J. Keenan, Greta Gieseke, Julie A. Hamill, and Matthew Donnelly.  For CIF:  J. Scott Donald. For CDE: Darrell Spence, Stacey Leask, Edward Nugent, Anthony Pinggera and Jonathan Benner. The parties reserve the right to amend this list going forward.

    q.    <u>Independent Expert or Master</u>:

No independent expert or special master is needed.

    r.    <u>Schedule Worksheet</u>:

See attached.

    s.    <u>Other Issues</u>:

**United States' Position**: The United States proposed entering into a stipulated protective order, which would address any potential privacy concerns raised by Defendants below.

**Defendants' Position:** Defendants anticipate the implication of third-party privacy rights, including but not limited to the privacy rights of minor students who are not parties to the lawsuit. Plaintiff has identified "female students [allegedly] harmed by Defendants' laws and policies" and at least four school districts in California as percipient witnesses, each of which maintains educational records protected by the Family Educational Rights and Privacy Act (FERPA), 20 U.S.C. § 1232g, and other federal and state privacy laws. Defendants will seek a stay of discovery until resolution of their Joint Motion to Dismiss to save costs and promote judicial economy for the

Parties and the Court, and to avoid unnecessary disclosures and potential discovery disputes involving student educational records and other third-party privacy rights.

ROBERT J. KEENAN
Acting Deputy Assistant Attorney General
MATTHEW J. DONNELLY
Attorney
*/s/ Greta Gieseke*
GRETA GIESEKE
Attorney
Civil Rights Division

TODD BLANCHE
Deputy Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
*/s/ Julie A. Hamill*
JULIE A. HAMILL
Assistant United States Attorney
United States Attorney's Office

Attorneys for Plaintiff
UNITED STATES OF AMERICA

Rob Bonta

Attorney General of California
Darrell W. Spence
Supervising Deputy Attorney General
Jonathan Benner
Stacey Leask
Anthony Pinggera
Deputy Attorneys General


/s/ Edward Nugent
Edward Nugent (SBN 330479)
Deputy Attorney General
*Attorneys for Defendant Department of Education*

SPINELLI, DONALD & NOTT


 /s/ J. Scott Donald
J. Scott Donald (SBN 158338)
*Attorney for Defendant California Interscholastic Federation*

1. Attestation: All signatories listed have concurred with the stipulation's content and have
2. authorized the filing.
3. Dated: March 6, 2026

*/s/ Julie A. Hamill*
JULIE A. HAMILL
Assistant United States Attorney

Attorneys for the United States