HARMEET K. DHILLON
Assistant Attorney General
Civil Rights Division
JESUS A. OSETE
Principal Deputy Assistant Attorney General
Civil Rights Division
ROBERT J. KEENAN (CA No. 151094)
Acting Deputy Assistant Attorney General
Civil Rights Division
MATTHEW J. DONNELLY
GRETA GIESEKE
Attorneys
    United States Department of Justice
    950 Pennsylvania Avenue, NW
    Washington, D.C. 20530
    Telephone: (202) 679-4564
    E-Mail: greta.gieseke@usdoj.gov

TODD BLANCHE
Deputy Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
JULIE A. HAMILL (CA No. 272742)
Assistant United States Attorney
    United States Attorney's Office
    300 North Los Angeles Street, Suite 7516
    Los Angeles, California 90012
    Telephone: (213) 894-2464
    E-Mail: julie.hamill@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>CALIFORNIA INTERSCHOLASTIC FEDERATION; and CALIFORNIA DEPARTMENT OF EDUCATION,<br><br>    Defendants. | Case No. 8:25-cv-01485-CV-JDE<br><br>**UNITED STATES' OPPOSITION TO DEFENDANTS' JOINT *EX PARTE* APPLICATION FOR STAY OF DISCOVERY PENDING RULING ON JOINT MOTION TO DISMISS**<br><br>Courtroom: 10B<br>Judge: Hon. Cynthia Valenzuela<br>Trial Date: Not Set<br>Action Filed: July 9, 2025 |

## I.  INTRODUCTION

One week prior to the Scheduling Conference set by this Court in its Order of December 3, 2025 (ECF No. 33), at 9:40 p.m. on a Friday night, Defendants served the United States with this improper *ex parte* application seeking a stay of discovery pending the Court's decision on their motion to dismiss, which was filed September 5, 2025.[1] (ECF No. 25).

The United States has not served any discovery on Defendants, and has told Defendants it will refrain from serving discovery until after the March 20, 2026 status conference that has been on the Court's calendar for over three months. There is accordingly no need for, let alone extraordinary circumstances that would warrant, the *ex parte* relief sought by Defendants here. Defendants provide no argument to support their desire to have this motion heard by the District Court Judge on an *ex parte* basis, rather than by the Magistrate Judge in accordance with the Court's Standing Order for Civil Cases, Section II(A).

## II.  ARGUMENT

### a. Defendants Fail to Allege Grounds for Extraordinary Relief

Defendants ignore their obligations to demonstrate irreparable prejudice and that they are without fault, and failed to show a need for extraordinary relief pursuant to the Court's Standing Order and *Mission Power Engineering Co. v. Continental Casualty Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995). *See* Judge Cynthia Valenzuela's General Procedures, Section (I)(C) ("*Ex parte* applications are solely for extraordinary emergency relief and should be used with discretion. Sanctions may be imposed for misuse of *ex parte* applications.").

---

[1] Defendants' *ex parte* application discusses the merits of this case. The United States does not respond to these arguments here, as they have already been briefed extensively. Nonetheless, for the reasons stated in the United States' Opposition to Defendants' Joint Motion to Dismiss Complaint (ECF No. 27), the United States rejects Defendants' arguments regarding the merits.

Defendants do not allege any prejudice beyond what would naturally occur during any pending motion to dismiss, let alone irreparable prejudice or any circumstance that could be considered grounds for extraordinary relief. For this reason, the *ex parte* application should be denied.

### b. Defendants Ignore the Court's Order Pertaining to Discovery

This Court's Standing Order for Civil Cases, Section II(B), provides: "The Court allows discovery to commence as soon as the first answer or motion to dismiss is filed. The parties should note that, unless otherwise ordered, **discovery shall not be stayed** while any motion is pending, including any motion to dismiss, motion for protective order or motion to stay." Defendants fail to provide any justification for overruling the Court's Standing Order opposing discovery stays that would not apply to every case that is subject to a motion to dismiss.

### c. This Motion Can Still be Calendared in the Usual Manner, and Could Have Been Filed Six Months Ago

The purpose of the first part of any *ex parte* motion papers is to establish why the accompanying proposed motion for the ultimate relief requested cannot be calendared in the usual manner. *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995). The moving party must establish it is without fault in creating the crisis that requires *ex parte* relief, or that the crisis occurred as a result of excusable neglect. *Id.* Defendants' motion fails on both points.

The United States has not yet served any discovery, and for that reason alone this *ex parte* application is premature and unnecessary. If and when the United States serves discovery, Defendants have thirty days to respond, during which time Defendants can file a discovery motion in accordance with the Court's procedures.

Further, Defendants could have filed this motion to stay discovery at any time after filing their September 5, 2025 motion to dismiss, but they chose not to. Instead, they waited until Friday night one week prior to the Scheduling Conference to ask the Court to

"drop[] everything except other urgent matters to study the papers." *See Mission Power Eng'g Co.*, 883 F. Supp. at 491 (C.D. Cal. 1995).

Finally, discovery is among the topics the parties will discuss during the scheduling conference this Friday, which has been on calendar for three months. The United States relayed it would not serve any discovery until after that conference. There was no need for Defendants to file, and there is no need for the Court to consider, Defendants' emergency request in advance of the scheduling conference.

### III.   CONCLUSION

Defendants' *ex parte* application should be denied.

Dated: March 16, 2026

 */s/ Julie A. Hamill*

JULIE A. HAMILL
Assistant United States Attorney
United States Attorney's Office

ROBERT J. KEENAN
Acting Deputy Assistant Attorney General
Civil Rights Division

 */s/ Greta Gieseke*

MATTHEW J. DONNELLY
GRETA GIESEKE
Attorneys
United States Department of Justice

Attorneys for Plaintiff
UNITED STATES OF AMERICA