UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES – GENERAL**

| Case No. | **2:25-cv-01485-CV (JDEx)** | Date | March 20, 2026 |
|---|---|---|---|

| Title | ***United States of America v. California Interscholastic Federation et al.*** |
|---|---|

| Present: The Honorable | Cynthia Valenzuela, United States District Judge |
|---|---|

| Jessica Cortes | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:   (IN CHAMBERS) ORDER DENYING DEFENDANTS CALIFORNIA INTERSCHOLASTIC FEDERATION AND CALIFORNIA DEPARTMENT OF EDUCATION'S *EX PARTE* APPLICATION FOR STAY OF DISCOVERY [37]**

On March 13, 2026, California Interscholastic Federation and California Department of Education ("Defendants") filed an *Ex Parte* Application for Stay of Discovery Pending Ruling on Joint Motion to Dismiss ("Application"). Doc. # 37 ("App."). Plaintiff United States of America ("Plaintiff") opposes the Application. Doc. # 38 ("Opp.").

*Ex parte* applications are requests made to the court outside the framework of the ordinary rules for notice of a hearing. *Mission Power Eng'g Co.v. Cont'l Cas. Co.*, 883 F. Supp. 488, 490 (C.D. Cal. 1995). *Ex parte* applications do not offer the opposing party a fair opportunity to respond and are "rarely justified." *Id.* at 490–91. To obtain *ex parte* relief, a moving party must present evidence to show that the moving party's cause will be "irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures" and that "the moving party is without fault in creating the crisis that requires *ex parte* relief, or that the crisis occurred as a result of excusable neglect." *Id.* at 492.

Defendants explain their use of *ex parte* application by stating that Plaintiff intends to propound discovery and "a one-week period cannot suffice for a noticed

---

| Page 1 of 2 | **CIVIL MINUTES – GENERAL** | Initials of Deputy Clerk JC |
|---|---|---|

motion to stay discovery[.]" App. at 2–3.[1] However, having to respond to discovery requests that may be burdensome is not an "irreparable prejudice" that would justify *ex parte* relief. *See T.L. v. Orange Unified Sch. Dist.*, No. 23-cv-01078-FWS-KES, 2023 WL 9007307, at *3 (C.D. Cal. Nov. 3, 2023) (holding that "a mere showing that the discovery may involve some inconvenience or expense does not suffice to justify *ex parte* relief" (citation modified)); *F.T.C. v. Standard Oil Co. of Cal.*, 449 U.S. 232, 244 (1980) ("[T]he expense and annoyance of litigation is part of the social burden of living under government. . . . Mere litigation expense, even substantial and unrecoupable cost, does not constitute irreparable injury.") (citation modified). Accordingly, Defendants do not identify an emergency warranting *ex parte* relief.

The Court possesses "inherent power to control the disposition of the cases on its docket in a manner which will promote economy of time and effort for itself, for counsel, and for litigants." *Filtrol Corp. v. Kelleher*, 467 F.2d 242, 244 (9th Cir. 1973) (citation modified). However, "[t]he Federal Rules of Civil Procedure do not provide for automatic blanket stays of discovery when a potentially dispositive motion is pending." *Meta Platforms, Inc. v. Voyager Labs LTD*, No. 23-cv-00154-AMO, 2023 WL 4828007, at *1 (N.D. Cal. July 26, 2023) (citations and internal quotation marks omitted). "A stay is not a matter of right, even if irreparable injury might otherwise result." *Nken v. Holder*, 556 U.S. 418, 433 (2009) (quoting *Virginian Ry. Co. v. United States*, 272 U.S. 658, 672 (1926)). "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Nken*, 556 U.S. at 433–44.

Defendants seek to stay discovery on the ground that there is a pending motion to dismiss the case entirely. App. at 2. However, this Court's standing order expressly states that discovery is allowed to commence "as soon as the first answer or motion to dismiss is filed" and that "**discovery shall not be stayed** while any motion is pending, including any motion to dismiss, motion for protective order or motion to stay" unless ordered otherwise. Doc. # 16 at 7 (emphasis in original).

For the reasons stated above, Defendants' Application for Stay of Discovery is **DENIED**.

 **IT IS SO ORDERED.**

---

[1] Defendants and Plaintiff initially agreed not to serve discovery requests before March 20, 2026. App. at 3; Opp. at 4. On February 27, 2026, Plaintiff communicated its intent to propound discovery requests while Defendants' motion to dismiss is pending. App. at 2. On March 12, 2026, Defendants informed Plaintiff of their dontent to file the instant Application. *Id.* at 3.